## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 05 2019, 10:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Brian Lee Garrett
South Mount Sterling, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re: The Paternity of H.M.H., Brian Garrett, <br> *Petitioner-Appellant,* <br><br> v. <br><br> Donald Wayne Hall, Jr.,[1] Jane Hall,[2] and Trisha Hall, <br> *Respondents-Appellees* | September 5, 2019 <br><br> Court of Appeals Case No. 19A-JP-454 <br><br> Appeal from the Newton Circuit Court <br><br> The Honorable Jeryl F. Leach, Judge <br><br> Trial Court Cause No. 56C01-1901-JP-40 |

---

[1] Garrett styled the name of this party "Donald Wayne Hall, Jr.," in his brief, but the caption in the order he is appealing indicates that the party is "Wain Hall."

[2] Garrett spelled the name of this party "Jane Diane Hall" in his brief, but the caption in the order he is appealing indicates that the party is "Jan Hall."

**Baker, Judge.**

Brian Garrett appeals the trial court's order denying what Garrett states was a petition to establish paternity and for visitation. We have no way of reviewing the petition because Garrett did not file an appendix.

The trial court summarily denied Garrett's petition, stating that "there are no legal grounds for granting the relief requested by [Garrett] because of the standing adoption order." Appealed Order.[3] We have no way of reviewing this order because we have neither an appendix nor salient facts to consider.

Garrett states that his parental rights have been terminated but that he was not provided with notice of those proceedings. He also references grandparent visitation rights as support for his request to establish paternity but does not explain why grandparent visitation rights are relevant. We have no way of reviewing these arguments because there is no record to review.

As Garrett has failed to provide us with either an understandable statement of facts explaining the nature of the case and his claims or the documents needed to review his claims, we affirm.

The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.

---

[3] The appealed order is appended to the end of Garrett's brief.